UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JERMAINE DUANE IRVIN-BEY                                           PETITIONER

VS.                         No.  2:20-CV-00084-BSM-JTR

DEWAYNE HENDRIX, Warden,
FCI –Forrest City                                                  RESPONDENT

## RECOMMENDED DISPOSITION

### Instructions

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Jermaine Duane Irvin-Bey ("Irvin-Bey"), who is

incarcerated at the Forrest City, Arkansas, Federal Correctional Institution-Medium. *Doc. 1*.

Irvin-Bey is serving a 420-month sentence imposed on September 13, 2013 by the United States District Court for the Northern District of Texas in *United States v. Irvin*.[1] N.D. Tex. Case No. 4:13-cr-035 ("*Irvin-Bey I*"). On direct appeal, the Fifth Circuit rejected his argument that the district court committed reversible error in admitting a prior state drug conviction. *United States v. Irvin*, Case No. 13-11011, 571 F. App'x. 312 (5th Cir. July 15, 2014).

On July 27, 2015, Irvin-Bey filed a Motion to Vacate, Correct or Set Aside His Sentence Under 28 U.S.C. § 2255.[2] The district court rejected all of Irvin-Bey's claims. *Irvin v. United States*, Case No. 4:15-CV-551-A (N. D. Tex. September 15, 2015). Irvin-Bey did not appeal the denial of § 2255 relief.

---

[1] At the time of his conviction, Irvin-Bey used the surname Irvin. Throughout this Recommendation, the Court will refer to Petitioner solely as Irvin-Bey.

[2] He asserted the following claims: (1) the evidence seized from his home and cell phone was from an illegal search and seizure; (2) his arrest was unlawful; (3) his Fifth Amendment privilege against self-incrimination was violated; (4) the government failed to disclose exculpatory evidence; (5) his trial counsel was constitutionally ineffective in numerous ways; (6) the government failed to allege or prove that he possessed a specific drug in a particular amount; (7) his offense level was enhanced by 6 points based on uncharged conduct; (8) he was improperly sentenced as a "career offender"; (9) the trial court erred in giving a "limiting instruction"; (10) the trial court erred in responding to the jury's requests during deliberations; (11) the charging indictment was dismissed after sentencing; (12) the government presented known false testimony, committing a "Napue Violation"; and (13) he was subjected to a "sentencing disparity" due to his race.

On January 24, 2017, Irvin-Bey filed his first § 2241 habeas Petition in this district seeking "to obtain foreclosure on a perfected claim" where the respondents were "in default, by strict foreclosure." *Irvin v. Beasley*, E.D. Ark. Case No. 2:17-cv-00013-DPM, *Dkt. No. 1*. On July 5, 2017, United States District Judge D. P. Marshall Jr. adopted a Recommended Disposition recommending the denial of § 2241 relief and dismissal of the Petition. *Id. at Dkt. No. 26*.

On March 28, 2018, Irvin-Bey filed a second § 2241 Petition in this district. *Irvin-Bey v. Beasley*, E.D. Ark. Case No. 2:18-cv-00053-JM. He asserted various claims challenging his incarceration. However, none of his claims were addressed because the Petition was dismissed for failure to comply with a Court Order directing him to either file an application to proceed *in forma pauperis* or pay the filing fee. *Id. at Dkt. Nos. 7-8*.

On July 30, 2018, Irvin-Bey filed a third § 2241 habeas Petition in this district. *Irvin v. Beasley*, E.D. Ark. Case No. 2:18-cv-00107-KGB. He asserted the following claims for relief: (1) he is innocent of being a "career offender"; (2) he is actually innocent; and (3) he was unconstitutionally convicted and sentenced pursuant to "ex post facto law." On March 11, 2019, United States District Judge Kristine G. Baker adopted a Recommended Disposition *sua sponte* concluding that Irvin-Bey could not use § 2241 to challenge the validity of his conviction and sentence in *Irvin-Bey*

*I* and recommending dismissal of his Petition for lack of subject matter jurisdiction. *Id. at Dkt. Nos. 2 & 13.* Irvin-Bey did not attempt to appeal the dismissal.

On December 13, 2018, Irvin-Bey filed a fourth § 2241 habeas Petition in this district. *Irvin v. Hendrix*, E.D. Ark. Case No. 2:18-cv-00179-DPM. He asserted that the BOP had improperly characterized him as "Black" when he is "Moorish-American," and therefore not subject to the laws of the United States, rendering his incarceration unlawful. On January 7, 2019, Judge Marshall adopted a Recommended Disposition *sua sponte* dismissing his Petition. *Id. at Dkt. Nos. 3 & 5.*

On April 13, 2020, Irvin-Bey filed the § 2241 Petition now before the Court, his fifth § 2241 Petition. Once again, he challenges his conviction and sentence in *Irvin-Bey I*, contending that: (1) he is actually innocent of the sentence imposed; (2) the sentence should be considered null and void because it was not imposed by an Article III judge; (3) the criminal charge was not supported by a valid accusation; and (4) the Indictment/Information failed to specifically name an accuser or victim. For relief, Irvin-Bey requests that this Court dismiss the Indictment, set aside the Judgment, vacate the sentence entered in *Irvin-Bey I*, and remand the case for resentencing under the "Smarter Sentencing Act." Dkt. No. 1 at 6-8.

## II. Discussion

Pursuant to 28 U.S.C. § 2244(a), a district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention" of a federal prisoner if "the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Courts have interpreted this provision as preventing federal prisoners from using § 2241 to raise claims that were adjudicated, or could have been, in an earlier § 2241 action. *See Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (finding Petitioner's claims in his § 2241 petition were successive because they "either had been, or could have been, decided in his previous habeas action"); *Antonelli v. Warden*, *U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that "[s]uccessive § 2241 petitions by federal prisoners are subject to threshold dismissal in federal court because" of § 2244(a); *see also Phelps v. U.S. Federal Government*, 15 F.3d 735, 737-38 (8th Cir.1994) (affirming the district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition).

Irvin-Bey's current § 2241 Petition challenges the same federal conviction in *Irvin-Bey I* that he challenged in his third § 2241 Petition, Case No. 2:18-cv-00107-KGB. In that case, the Court determined that it lacked subject matter jurisdiction to consider Irvin-Bey's claims challenging the validity of his conviction or the sentence

5

imposed in *Irvin-Bey I*. Irvin-Bey has now attempted to bring a new § 2241 action asserting claims he either asserted or could have asserted in his earlier § 2241 Petitions.

Under 28 U.S.C. § 2244(a), this Court is not required to entertain Irvin-Bey's latest effort to use § 2241 to challenge his conviction and sentence in *Irvin-Bey I*.[3] Accordingly, the Court recommends that Irvin-Bey's § 2241 Petition be summarily dismissed pursuant to § 2244(a).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT all claims asserted in Irvin-Bey's Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED, and this action be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED THAT the Clerk be directed not to file any new habeas petition from Irvin-Bey without prior approval from chambers.

Dated this 20th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The doctrine of res judicata "does not apply to successive petitions for federal habeas or § 2255 relief." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (*citing Sanders v. United States*, 373 U.S. 1 (1963). However, the same principles of efficiency, finality, and consistency are served by enforcing § 2244(a)'s statutory limitation on relitigating the same theory for habeas relief.

6